UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOSEPH STEVENSON                                                                  PLAINTIFF

V.                              3:21-CV-00146-DPM-JTR

GREENE COUNTY DETENTION CENTER;
TAMMY GLENN, Head Nurse, Green
County Detention Center; and DOES                                              DEFENDANTS

# ORDER

Plaintiff Joseph Stevenson ("Stevenson") and eleven other prisoners in the Greene County Detention Center ("GCDC") jointly filed a single *pro se* § 1983 Complaint alleging that Defendants violated their constitutional rights. *Doc. 1*. In accordance with court policy, the Clerk of the Court opened separate § 1983 actions in the name of each Plaintiff. *See Doc. 2 at 1*. Before Stevenson may proceed with this action, the Court must screen his claims.[1]

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a viable claim for relief. *Id.* Instead, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Further, to state a viable § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution" *Id.* at 676.

    Stevenson alleges:

> The actions of jail administration and medical staff collectively create an environment of "Deliberate Indifference" to the serious medical needs of inmates being housed in the Greene County Jail. Furthermore this lack of care and the placing inmates at great risk (including exposure to harsh chemical propellant "Aresol," [sic] 6 days in unit without air conditioning during heatwave temperatures at 105 [degrees] heat index, staff members not wearing mask during Covid-19 outbreak) violate the 8th Amendment protection from cruel and unusual punishment.
>     Also, Inmates do not receive proper medication, dental care, or psychological treatment while being housed in Greene County. Review camera from July 22-28 dorm North 6.

*Doc. 1 at 4*.

These claims are nothing more than "naked assertions devoid of further factual enhancement," which are insufficient to plead a viable claim for relief. *Iqbal*, 556 U.S. at 678.

Additionally, Stevenson's Complaint lists the GCDC, Head Nurse Tammy Glenn ("Glenn"), and "all jail administrative staff[,] medical staff … [and] employees of the [GCDC]" as Defendants. *Doc. 1 at 1-2*. However, it is well settled that a county detention facility is *not* a legal entity that can be sued in a § 1983 action. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski County Detention Facility*, 278 F. App'x 695, 695 (8th Cir. 2008). Instead, Stevenson must name the *individuals* who are responsible for the alleged constitutional violations.

Further, despite naming Glenn as a Defendant, Stevenson makes no specific factual or legal allegations against her. *See Iqbal*, 556 U.S. at 676 (explaining that, to state a viable § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Similarly, Stevenson's claims against "all staff and employees" of the GCDC cannot survive without pleading how each of these defendants, through their *own individual actions*, has violated his constitutional rights. *Id*.

Furthermore, "an inmate cannot bring claims on behalf of other prisoners." *Stanko v. Brewer*, 853 F. App'x 41, 42 (8th Cir. 2021); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners."). Thus, Stevenson cannot bring claims on behalf of any other GCDC inmate. Instead, he can proceed only on the alleged constitutional violations he *personally experienced*. Importantly, in connection with each of those constitutional violations, he should explain how he was *personally harmed or injured*. *Id.*

Thus, the Court will allow Stevenson thirty (30) days, from the date of this Order, to file an Amended Complaint to correct the deficiencies in his current pleading. Such Amended Complaint should provide and include the following information: (1) *who* each of the Defendants were that personally participated in violating his constitutional rights; (2) *how* each Defendant *personally participated* in violating his constitutional rights, including dates, times, and places where those violations occurred; (3) *what constitutional right* he believes each Defendant violated; (4) how *he* was *physically* harmed by each of the allegedly unconstitutional conditions at the GCDC; (5) *why* he has named Defendants in both their individual *and* official capacities; and (6) whether, at the time of the incidents alleged in the Complaint, he was a pretrial detainee (in jail and still awaiting trial on pending

4

charges) or a convicted prisoner (a prisoner who has plead guilty or been found guilty and is awaiting sentencing or is currently serving a sentence).

If Stevenson elects not to file an Amended Complaint providing the additional information requested in this Order, the Court will proceed to screen his Complaint. *Stevenson is placed on notice that, if he elects to stand on the allegations in his Complaint, the Court is likely, in screening that pleading, to conclude it should be dismissed, without prejudice, for failing to state a claim for relief.*

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to mail Stevenson a § 1983 complaint form that is labeled "Amended Complaint."

2. Stevenson will be allowed to file, **within thirty (30) days of the date of this Order,** an Amended Complaint that complies with the directions in this Order. If he does not timely and properly do so, the Court will screen his Complaint, and this may result in a recommendation for this action to be dismissed, without prejudice.

IT IS SO ORDERED this 31st day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE